**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

MOMENTUM MEDIA GROUP, INC.,

    Plaintiff,

v.

THAT'S GREAT NEWS, LLC, and
ROBERT R. ROSCOE,

    Defendants.

CASE NO: 2:24-cv-04031-RMG

**DEFENDANTS'**
**ANSWER AND AFFIRMATIVE DEFENSES**
**(DEMAND FOR A JURY TRIAL)**

Defendants, THAT'S GREAT NEWS, LLC ("TGN"), a limited liability company, and

ROBERT R. ROSCOE ("Roscoe"), an individual (collectively, "Defendants") by and through the

undersigned, and pursuant to the Federal Rules of Civil Procedure 12, hereby file this Answer and

Affirmative Defenses to the Amended Complaint (ECF 11) filed by Plaintiff, MOMENTUM

MEDIA GROUP, INC. ("Plaintiff" OR "MMG"), and, in support, states as follows:

**STATEMENT OF THE CASE[1]**

1.      Defendants deny the allegations contained in Paragraph One (1) of the Amended

Complaint and demand strict proof thereof.

2.      TGN admits solely to the fact that its business involves selling plaques as part of

its business model. TGN denies the remaining allegations contained in Paragraph Two (2) of the

Amended Complaint and demands strict proof thereof. Roscoe denies the allegations contained in

Paragraph Two (2) of the Amended Complaint and demands strict proof thereof.

---

[1] Defendants utilize the headings provided in the Complaint for reference and organization only. Defendants use is
not to be deemed an admission or waiver of any defenses.

**JURISDICTION OF THE COURT**

3.    Defendants admit to the allegations contained in Paragraph Three (3) of the Amended Complaint for jurisdictional purposes only. Any and all inferences derived therefrom are explicitly and specifically denied, with strict proof demanded thereof.

4.    Defendants admit to the allegations contained in Paragraph Four (4) of the Amended Complaint for jurisdictional purposes only. Any and all inferences derived therefrom are explicitly and specifically denied, with strict proof demanded thereof.

5.    Defendants admit to the allegations contained in Paragraph Five (5) of the Amended Complaint for jurisdictional purposes only. Any and all inferences derived therefrom are explicitly and specifically denied, with strict proof demanded thereof.

6.    Defendants admit to the allegations contained in Paragraph Six (6) of the Amended Complaint for venue purposes only. Any and all inferences derived therefrom are explicitly and specifically denied, with strict proof demanded thereof.

**THE PARTIES**

7.    Defendants are without sufficient personal knowledge to admit or deny the allegations contained in Paragraph Seven (7) of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof.

8.    TGN admits the allegations contained in Paragraph Eight (8) of the Complaint.

9.    Defendants admit that Roscoe is a resident of Connecticut and is a member of TGN. Defendants deny the remainder of the allegations contained in Paragraph Nine (9) of the Amended Complaint with strict proof demanded thereof.

10.    Defendants deny all the allegations contained in Paragraph Ten (10) of the Amended Complaint with strict proof demanded thereof.

2:24-cv-04031-RMG    Date Filed 10/17/24    Entry Number 12    Page 3 of 20

## FACTUAL ALLEGATIONS

### A. Momentum's Business and Copyrighted Works

11. Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Eleven (11) of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof.

12. Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Twelve (12) of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof.

13. Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Thirteen (13) of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof.

14. Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Fourteen (14) and each of its subparagraphs of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof. Additionally, the alleged Exhibits speak for themselves.

15. Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Fifteen (15) of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof.

16. Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Sixteen (16) of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof.

17. Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Seventeen (17) of the Amended Complaint and, as such,

3

deny it in its entirety and demand strict proof thereof.

18.    Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Eighteen (18) of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof.

19.    Defendants are without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Nineteen (19) of the Amended Complaint and, as such, deny it in its entirety and demand strict proof thereof.

**B.  TGN's Business**

20.    TGN admits that it creates plaques that are a different product than the underlying original source material. TGN denies all remaining allegations contained in Paragraph Twenty (20) of the Amended Complaint with strict proof demanded thereof. Roscoe denies all allegations contained in Paragraph Twenty (20) of the Amended Complaint, with strict proof demanded thereof.

21.    Defendants deny all allegations contained in Paragraph Twenty-One (21) of the Amended Complaint, with strict proof demanded thereof.

22.    Defendants admit solely to the allegation that it invites prospective purchasers to visit its website to view TGN products. Defendants deny all remaining allegations contained in Paragraph Twenty-Two (22) of the Amended Complaint with strict proof demanded thereof.

23.    Defendants deny all allegations contained in Paragraph Twenty-Three (23) of the Amended Complaint with strict proof demanded thereof.

24.    TGN admits solely to the allegation that it sells its products on https://www.thatsgreatnews.com. TGN denies all remaining allegations contained in Paragraph Twenty-Four (24) of the Amended Complaint with strict proof demanded thereof. Roscoe denies

all allegations contained in Paragraph Twenty-Four (24) of the Amended Complaint with strict proof demanded thereof.

## C. TGN's Infringing Conduct

25.     TGN admits solely that it markets its products to potential customers across the United States. TGN denies all remaining allegations contained in Paragraph Twenty-Five (25) of the Amended Complaint with strict proof demanded thereof. Roscoe denies all allegations contained in Paragraph Twenty-Five (25) of the Amended Complaint with strict proof demanded thereof.

26.     Defendants state that the alleged Exhibit speaks for itself. As such, Defendants deny Plaintiff's mischaracterization of the Exhibit. Thus, Defendants deny the allegations contained in Paragraph Twenty-Six (26) of the Amended Complaint with strict proof demanded thereof.

27.     Defendants deny all allegations contained in Paragraph Twenty-Seven (27) of the Amended Complaint with strict proof demanded thereof.

28.     Defendants state that the alleged Exhibit speaks for itself. As such, Defendants deny Plaintiff's mischaracterization of the Exhibit. Thus, Defendants deny the allegations contained in Paragraph Twenty-Eight (28) of the Amended Complaint with strict proof demanded thereof.

29.     Defendants deny all allegations contained in Paragraph Twenty-Nine (29) of the Amended Complaint with strict proof demanded thereof.

30.     Defendants deny all allegations contained in Paragraph Thirty (30) of the Amended Complaint with strict proof demanded thereof.

31.     Defendants deny all allegations contained in Paragraph Thirty-One (31) of the Amended Complaint with strict proof demanded thereof. Additionally, the alleged Exhibits speak for themselves. Thus, Defendants deny Plaintiff's mischaracterization of the Exhibits.

32.    Defendants deny all allegations contained in Paragraph Thirty-Two (32) of the Amended Complaint with strict proof demanded thereof.

33.    Defendants state that the alleged Exhibit speaks for itself. As such, Defendants deny Plaintiff's mischaracterization of the Exhibit. Thus, Defendants deny the allegations contained in Paragraph Thirty-Three (33) of the Amended Complaint with strict proof demanded thereof.

34.    Defendants deny all allegations contained in Paragraph Thirty-Four (34) of the Amended Complaint with strict proof demanded thereof. Defendants state that the alleged Exhibit speaks for itself. As such, Defendants deny Plaintiff's mischaracterization of the Exhibit.

35.    Defendants deny all allegations contained in Paragraph Thirty-Five (35) of the Amended Complaint with strict proof demanded thereof. Defendants state that the alleged Exhibit speaks for itself. As such, Defendants deny Plaintiff's mischaracterization of the Exhibit.

36.    Defendants deny all allegations contained in Paragraph Thirty-Six (36) of the Amended Complaint with strict proof demanded thereof.

37.    Defendants deny all allegations contained in Paragraph Thirty-Seven (37) of the Amended Complaint with strict proof demanded thereof.

38.    Defendants deny all allegations contained in Paragraph Thirty-Eight (38) of the Amended Complaint with strict proof demanded thereof.

39.    Defendants deny all allegations contained in Paragraph Thirty-Nine (39) of the Amended Complaint with strict proof demanded thereof.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT[2]**
**(AGAINST TGN)**

---

[2] To the extent these allegations contained in this count are directed towards, against, or implicate Defendant Roscoe, he denies any and all of the allegations contained in each paragraph in this Count and demands strict proof thereof.

40.    Defendants incorporate and re-allege Paragraphs One (1) through Thirty-Nine (39) as if fully set forth herein.

41.    As to the reiterated allegations of Paragraph Forty (40) of the Amended Complaint, Defendants repeat and re-allege each of the preceding paragraphs as if set forth verbatim herein.

42.    TGN denies all allegations contained in Paragraph Forty-One (41) of the Amended Complaint with strict proof demanded thereof.

43.    TGN denies all allegations contained in Paragraph Forty-Two (42) of the Amended Complaint with strict proof demanded thereof.

44.    TGN denies all allegations contained in Paragraph Forty-Three (43) of the Amended Complaint with strict proof demanded thereof.

45.    TGN denies all allegations contained in Paragraph Forty-Four (44) of the Amended Complaint with strict proof demanded thereof.

46.    TGN denies all allegations contained in Paragraph Forty-Five (45) of the Amended Complaint with strict proof demanded thereof.

47.    TGN denies all allegations contained in Paragraph Forty-Six (46) of the Amended Complaint with strict proof demanded thereof.

## SECOND CLAIM FOR RELIEF
### VICARIOUS COPYRIGHT INFRINGEMENT[3]
### (AGAINST ROSCOE)

48.    Defendants incorporate and re-allege Paragraphs One (1) through Forty-Six (46) as if fully set forth herein. To the extent that any part of the inclusion of Count 1 through this paragraph, due to Plaintiff's incorporation of Count 1 into Count 2, affects the allegations

---

[3] To the extent these allegations contained in this count are directed towards, against, or implicate Defendant TGN, it denies any and all of the allegations contained in each paragraph in this Count and demands strict proof thereof.

contained in Count 2, Defendants reincorporate and rely on those responses as if fully set forth herein.

49.     As to the reiterated allegations of Paragraph Forty-Seven (47) of the Amended Complaint, Defendants repeat and re-allege each of the preceding paragraphs as if set forth verbatim herein.

50.     Roscoe admits solely to the allegation that he is the managing member and owner of TGN. Roscoe denies any and all inferences derived therefrom, including the remaining allegations contained in Paragraph Forty-Eight (48) of the Amended Complaint with strict proof demanded thereof.

51.     Roscoe denies all allegations contained in Paragraph Forty-Nine (49) of the Amended Complaint, with strict proof demanded thereof.

52.      Roscoe denies all allegations contained in Paragraph Fifty (50) of the Amended Complaint, with strict proof demanded thereof.

53.     Roscoe denies all allegations contained in Paragraph Fifty-One (51) of the Amended Complaint, with strict proof demanded thereof.

54.     Roscoe denies all allegations contained in Paragraph Fifty-Two (52) of the Amended Complaint, with strict proof demanded thereof. As this allegation and count is directed towards and against Roscoe, Defendant TGN is without sufficient personal knowledge to admit or deny any and all of the allegations contained in Paragraph Fifty-Two (52) of the Amended Complaint and, as such, to the extent it is related to or against Defendant TGN, denies it in its entirety and demand strict proof thereof.

### THIRD CLAIM FOR RELIEF
### CONTRIBUTORY COPYRIGHT INFRINGEMENT[4]
### (AGAINST ROSCOE)

55.    Defendants incorporate and re-allege Paragraphs One (1) through Fifty-Two (52) as if fully set forth herein. To the extent that any part of the inclusion of Count 1 and 2 through this paragraph, due to Plaintiff's incorporation of Count 1 and 2 into Count 3, affects the allegations contained in Count 3, Defendants reincorporate and rely on those responses as if fully set forth herein.

56.    As to the reiterated allegations of Paragraph Fifty-Three (53) of the Amended Complaint, Defendants repeat and re-allege each of the preceding paragraphs as if set forth verbatim herein.

57.    Roscoe admits solely to the allegation that he is the managing member and owner of TGN. Roscoe denies any and all inferences derived therefrom, including the remaining allegations contained in Paragraph Fifty-Four (54) of the Amended Complaint, with strict proof demanded thereof.

58.    Roscoe denies all allegations contained in Paragraph Fifty-Five (55) of the Amended Complaint, with strict proof demanded thereof.

59.    Roscoe denies all allegations contained in Paragraph Fifty-Six (56) of the Amended Complaint, with strict proof demanded thereof.

60.    Roscoe denies all allegations contained in Paragraph Fifty-Seven (57) of the Amended Complaint, with strict proof demanded thereof. As this allegation and count is directed towards and against Roscoe, Defendant TGN is without sufficient personal knowledge to admit or

---

[4] To the extent these allegations contained in this count are directed towards, against, or implicate Defendant TGN, it denies any and all of the allegations contained in each paragraph in this Count and demands strict proof thereof.

9

deny any and all of the allegations contained in Paragraph Fifty-Seven (57) of the Amended Complaint and, as such, to the extent it is related to or against Defendant TGN, denies it in its entirety and demand strict proof thereof.

61.    Roscoe denies all allegations contained in Paragraph Fifty-Eight (58) of the Amended Complaint, with strict proof demanded thereof.

62.    Roscoe denies all allegations contained in Paragraph Fifty-Nine (59) of the Amended Complaint, with strict proof demanded thereof.

**FOURTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT[5]**
**(AGAINST TGN)**

63.    Defendants incorporate and re-allege Paragraphs One (1) through Fifty-Nine (59) as if fully set forth herein. To the extent that any part of the inclusion of Counts 1, 2 and 3 through this paragraph, due to Plaintiff's incorporation of Counts 1, 2 and 3 into Count 4, affects the allegations contained in Count 4, Defendants reincorporate and rely on those responses as if fully set forth herein.

64.    As to the reiterated allegations of Paragraph Sixty (60) of the Amended Complaint, Defendants repeat and re-allege each of the preceding paragraphs as if set forth verbatim herein.

65.    TGN denies all allegations contained in Paragraph Sixty-One (61) of the Amended Complaint, with strict proof demanded thereof.

66.    TGN denies all allegations contained in Paragraph Sixty-Two (62) of the Amended Complaint, with strict proof demanded thereof.

67.    TGN denies the allegation contained in Paragraph Sixty-Three (63) of the Amended

---

[5] To the extent these allegations contained in this count are directed towards, against, or implicate Defendant Roscoe, he denies any and all of the allegations contained in each paragraph in this Count and demands strict proof thereof.

Complaint, with strict proof demanded thereof.

68.     TGN denies all allegations contained in Paragraph Sixty-Four (64) of the Amended Complaint, with strict proof demanded thereof.

69.     TGN denies all allegations contained in Paragraph Sixty-Five (65) of the Amended Complaint, with strict proof demanded thereof.

70.     TGN denies all allegations contained in Paragraph Sixty-Six (66) of the Amended Complaint, with strict proof demanded thereof.

71.     TGN denies all allegations contained in Paragraph Sixty-Seven (67) of the Amended Complaint, with strict proof demanded thereof.

72.     TGN denies all allegations contained in Paragraph Sixty-Eight (68) of the Amended Complaint, with strict proof demanded thereof.

## FIFTH CLAIM FOR RELIEF
### VICARIOUS TRADEMARK INFRINGEMENT[6]
### (AGAINST ROSCOE)

73.     Defendants incorporate and re-allege Paragraphs One (1) through Sixty-Eight (68) as if fully set forth herein. To the extent that any part of the inclusion of Counts 1, 2, 3 and 4 through this paragraph, due to Plaintiff's incorporation of Counts 1, 2, 3 and 4 into Count 5, affects the allegations contained in Count 5, Defendants reincorporate and rely on those responses as if fully set forth herein.

74.     As to the reiterated allegations of Paragraph Sixty-Nine (69) of the Amended Complaint, Defendants repeat and re-allege each of the preceding paragraphs as if set forth verbatim herein.

---

[6] To the extent these allegations contained in this count are directed towards, against, or implicate Defendant TGN, it denies any and all of the allegations contained in each paragraph in this Count and demands strict proof thereof.

11

75.     Roscoe admits solely to the allegation that he is the managing member and owner of TGN. Roscoe denies any and all inferences derived therefrom, including the remaining allegations contained in Paragraph Seventy (70) of the Amended Complaint, with strict proof demanded thereof.

76.     Roscoe denies all allegations contained in Paragraph Seventy-One (71) of the Amended Complaint, with strict proof demanded thereof.

77.     Roscoe denies all allegations contained in Paragraph Seventy-Two (72) of the Amended Complaint, with strict proof demanded thereof.

78.     Roscoe denies all allegations contained in Paragraph Seventy-Three (73) of the Amended Complaint, with strict proof demanded thereof.

79.     Roscoe denies all allegations contained in Paragraph Seventy-Four (74) of the Amended Complaint, with strict proof demanded thereof.

80.     Roscoe denies all allegations contained in Paragraph Seventy-Five (75) of the Amended Complaint, with strict proof demanded thereof.

81.     Roscoe denies all allegations contained in Paragraph Seventy-Six (76) of the Amended Complaint, with strict proof demanded thereof.

82.     Roscoe denies all allegations contained in Paragraph Seventy-Seven (77) of the Amended Complaint, with strict proof demanded thereof.

## SIXTH CLAIM FOR RELIEF
### CONTRIBUTORY TRADEMARK INFRINGEMENT[7]
### (AGAINST ROSCOE)

83.     Defendants incorporate and re-allege Paragraphs One (1) through Seventy-Seven

---

[7] To the extent these allegations contained in this count are directed towards, against, or implicate Defendant TGN, it denies any and all of the allegations contained in each paragraph in this Count and demands strict proof thereof.

(77) as if fully set forth herein. To the extent that any part of the inclusion of Counts 1, 2, 3, 4 and 5 through this paragraph, due to Plaintiff's incorporation of Counts 1, 2, 3, 4 and 5 into Count 6, affects the allegations contained in Count 6, Defendants reincorporate and rely on those responses as if fully set forth herein.

84.    As to the reiterated allegations of Paragraph Seventy-Eight (78) of the Amended Complaint, Defendants repeat and re-allege each of the preceding paragraphs as if set forth verbatim herein.

85.    Roscoe admits solely to the allegation that he is the managing member and owner of TGN. Roscoe denies any and all inferences derived therefrom, including the remaining allegations contained in Paragraph Seventy-Nine (79) of the Amended Complaint, with strict proof demanded thereof.

86.    Roscoe denies all allegations contained in Paragraph Eighty (80) of the Amended Complaint, with strict proof demanded thereof.

87.    Roscoe denies all allegations contained in Paragraph Eighty-One (81) of the Amended Complaint, with strict proof demanded thereof.

88.    Roscoe denies all allegations contained in Paragraph Eighty-Two (82) of the Amended Complaint, with strict proof demanded thereof.

89.    Roscoe denies all allegations contained in Paragraph Eighty-Three (83) of the Amended Complaint, with strict proof demanded thereof.

90.    Roscoe denies all allegations contained in Paragraph Eighty-Four (84) of the Amended Complaint, with strict proof demanded thereof.

91.    Roscoe denies all allegations contained in Paragraph Eighty-Five (85) of the Amended Complaint, with strict proof demanded thereof.

92.    Roscoe denies all allegations contained in Paragraph Eighty-Six (86) of the Amended Complaint, with strict proof demanded thereof.

93.    Roscoe denies all allegations contained in Paragraph Eighty-Seven (87) of the Amended Complaint, with strict proof demanded thereof.

### SEVENTH CLAIM FOR RELIEF
### UNFAIR COMPETITION[8]
### (AGAINST TGN)

94.    Defendants incorporate and re-allege Paragraphs One (1) through Eighty-Seven (87) as if fully set forth herein. To the extent that any part of the inclusion of Counts 1, 2, 3, 4, 5 and 6 through this paragraph, due to Plaintiff's incorporation of Counts 1, 2, 3, 4, 5 and 6 into Count 7, affects the allegations contained in Count 7, Defendants reincorporate and rely on those responses as if fully set forth herein.

95.    As to the reiterated allegations of Paragraph Eighty-Eight (88) of the Amended Complaint, Defendants repeat and re-allege each of the preceding paragraphs as if set forth verbatim herein.

96.    TGN denies all allegations contained in Paragraph Eighty-Nine (89) of the Amended Complaint, with strict proof demanded thereof.

97.    TGN denies all allegations contained in Paragraph Ninety (90) of the Amended Complaint, with strict proof demanded thereof.

98.    TGN denies all allegations contained in Paragraph Ninety-One (91) of the Amended Complaint, with strict proof demanded thereof.

99.    TGN denies all allegations contained in Paragraph Ninety-Two (92) of the

---

[8] To the extent these allegations contained in this count are directed towards, against, or implicate Defendant Roscoe, he denies any and all of the allegations contained in each paragraph in this Count and demands strict proof thereof.

Amended Complaint, with strict proof demanded thereof.

## EIGHTH CLAIM FOR RELIEF
### UNFAIR TRADE PRACTICES[9]
### (AGAINST TGN)

100.    Defendants incorporate and re-allege Paragraphs One (1) through Ninety-Two (92) as if fully set forth herein. To the extent that any part of the inclusion of Counts 1, 2, 3, 4, 5, 6, and 7 through this paragraph, due to Plaintiff's incorporation of Counts 1, 2, 3, 4, 5, 6 and 7 into Count 8, affects the allegations contained in Count 8, Defendants reincorporate and rely on those responses as if fully set forth herein.

101.    As to the reiterated allegations of Paragraph Ninety-Three (93) of the Amended Complaint, Defendants repeat and re-allege each of the preceding paragraphs as if set forth verbatim herein.

102.    TGN denies all allegations contained in Paragraph Ninety-Four (94) of the Amended Complaint, with strict proof demanded thereof.

103.    TGN denies all allegations contained in Paragraph Ninety-Five (95) of the Amended Complaint, with strict proof demanded thereof.

104.    TGN denies all allegations contained in Paragraph Ninety-Six (96) of the Amended Complaint, with strict proof demanded thereof.

105.    TGN denies all allegations contained in Paragraph Ninety-Seven (97) of the Amended Complaint, with strict proof demanded thereof.

106.    TGN denies all allegations contained in Paragraph Ninety-Eight (98) of the Amended Complaint, with strict proof demanded thereof.

---

[9] To the extent these allegations contained in this count are directed towards, against, or implicate Defendant Roscoe, he denies any and all of the allegations contained in each paragraph in this Count and demands strict proof thereof.

107.    TGN denies all allegations contained in Paragraph Ninety-Nine (99) of the Amended Complaint, with strict proof demanded thereof.

108.    TGN denies all allegations contained in Paragraph One Hundred (100) of the Amended Complaint, with strict proof demanded thereof.

109.    TGN denies all allegations contained in Paragraph One Hundred and One (101) of the Amended Complaint, with strict proof demanded thereof.

110.    TGN denies all allegations contained in Paragraph One Hundred and Two (102) of the Amended Complaint, with strict proof demanded thereof.

111.    TGN denies all allegations contained in Paragraph One Hundred and Three (103) of the Amended Complaint, with strict proof demanded thereof.

Defendants, TGN and Roscoe, respectfully request full denial of Plaintiff's Prayer for Relief contained in the WHEREFORE clause, located directly below Paragraph One Hundred and Three (103) of the Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants, pray for relief and judgment as follows:

(a) Judgment for Defendants, against Plaintiff, regarding all counts contained in the Complaint, including, but not limited to, failing to state a claim for which relief may be granted, and any other applicable affirmative defenses plead now or in an amended pleading;

(b) An award of reasonable attorneys' fees, costs, and expenses allowable by any statute, rule, or via this Court's inherent authority, including, but not limited to 17 U.S.C. § 1203, 15 U.S.C. § 1117(a), and any relevant South Carolina state law; and

(c) Any other and further relief this Court deems just, equitable, and proper.

### GENERAL DENIAL

Furthermore, Defendants deny any unnumbered paragraphs or prayers for relief in Plaintiff's Complaint, and anything not expressly and specifically admitted herein is denied, with strict proof demanded thereof. Likewise, the recitation of section headings is simply done for ease of reference of the Complaint and, to the extent any section heading was included by Plaintiff with the intention to imply or assert any meaning or interpretation of any such section heading, every such section heading is denied in its entirety with strict proof demanded thereof.

### AFFIRMATIVE DEFENSES

In support of the following defenses, Defendants incorporate all of the Answers listed above, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendants reserve all other defenses at law or in equity that may exist now or in the future based upon discovery and further factual investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted inasmuch as its pleading is deficiently vague and lacking in detail and substance explaining the basis of each of the claims set forth in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted whereby the Defendants and the allegations are not distinguished between and among the Defendants, sufficient for the Defendants to identify the alleged claims as to each.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's allegation in Count 8 is an unlawful restraint of trade.

17

### FOURTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, by the doctrine of fair use, nominative fair use, and/or descriptive use of the term identified in the alleged infringed trademarks and copyrights in connection with the goods/services being offered by Defendant TGN.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief or any other equitable relief at least because any alleged injury to Plaintiff is not irreparable and because, had Plaintiff been injured, it would have an adequate remedy at law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to enhanced or increased damages for willful infringement because neither Defendant has not engaged in any conduct that meets the applicable standard for willful infringement.

### SEVENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, on the basis that the trademark(s) at issue lack secondary meaning.

### EIGHTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine, through at least the valid acquisition and transformative use or resale of the alleged works.

### NINTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

### TENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, because the alleged

18

trademark(s) are not famous.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, on the basis that some or all trademarks at issue are generic or descriptive.

### TWELFTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, by an implied license, through at least the valid acquisition and transformative use or resale of the alleged works.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, by the resulting promotions and products offered by TGN are transformative works.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, by the resulting promotions and products offered by TGN are not substantially similar to the alleged copyrighted works.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, by the resulting promotions and products offered by TGN utilize de minimus amounts of the alleged copyrighted works.

### DEMAND FOR JURY TRIAL

Defendants That's Great News, LLC and Robert R. Roscoe hereby respectfully demand a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Respectfully submitted,

**CALLISON TIGHE & ROBINSON, LLC**


 *s/ Harry A. Dixon*
Richard C. Detwiler, Fed. Bar. No. 510
Ian T. Duggan, Fed. Bar. No. 12670
Harry A. Dixon, Fed. Bar. No. 12870
P.O. Box 1390
1812 Lincoln Street, Second Floor (29201)
Columbia, South Carolina 29202
Ph: 803-404-6900
Fax: 803-404-6902
rickdetwiler@callisontighe.com
ianduggan@callisontighe.com
harrydixon@callisontighe.com

AND

**THE CONCEPT LAW GROUP, P.A.**

Alexander D. Brown, Esq. (Fla. Bar No. 752665)
E-mail: abrown@conceptlaw.com
*Pro Hac Vice (To Be Filed)*
Darren Spielman, Esq. (Fla. Bar No. 10868)
E-mail: dspielman@conceptlaw.com
*Pro Hac Vice (To Be Filed)*
6400 N Andrews Avenue, Suite 500
Fort Lauderdale, FL 33309
Telephone: 754-300-1500

*Attorneys for Defendants*

October 17, 2024
Columbia, South Carolina